IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )
KAREN J. ANTHONY,                )     CASE NO. BK11-42232-TJM
                                 )
        Debtor(s).               )     CHAPTER 13

ORDER

      Hearing was held in, Nebraska, on March 21, 2012, on the Chapter 13 trustee's objection to amended claim of exemption (Fil. No. 75) and the debtor's resistance (Fil. No. 113). The debtor appeared on her own behalf, and Marilyn Abbott appeared for the Chapter 13 trustee.

      The objection to exemptions is granted in part and denied in part, as explained below.

      Ms. Anthony filed an amended Schedule C of exempt property. She claimed as exempt at least $12,400[1] in immediate personal possessions under Neb. Rev. Stat. § 25-1556(1)[2]. The Chapter 13 trustee has raised an objection to Ms. Anthony's classification of certain items as "immediate personal possessions," arguing that the statutory scope of that exemption category is limited – essentially to sentimental articles– and cannot include many of the household goods Ms. Anthony has included.

      The "immediate personal possessions" listed by Ms. Anthony include eight items of furniture, of which some were received as gifts, some are antiques, and some were made by Ms. Anthony. The list also includes college graduation diplomas, military and athletic awards, two pieces of jewelry, an antique camera received as a gift, exercise equipment, Iraqi currency, and cash on hand.

      Ms. Anthony correctly pointed out in her amended schedules and in her oral argument that the term "immediate personal possessions" is undefined in the statute and judicial efforts to interpret the phrase have not shed much light. In the limited canon of decisional law under Neb. Rev. Stat. § 25-1556(1), only diamond rings with sentimental value have been specifically held to be exempt as immediate personal possessions. In re Burkman, Neb. Bkr. 94:687 (Nov. 8, 1994); In re Jud, Neb.

---

[1] There is a discrepancy between the total on amended Schedule C – $12,400 – and the total on the itemized list attached to amended Schedule C – $13,050.

[2] § 25-1556. Specific exemptions; personal property; selection by debtor
      No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state: (1) The immediate personal possessions of the debtor and his or her family[.]

Bkr. 99-107 (May 12, 1999).[3] Motor vehicles, In re Heimbouch, 246 B.R. 895 (Bankr. D. Neb. 2000); In re Scrams, 172 B.R. 297 (Bankr. D. Neb. 1994), and firearms, In re Karaus, 276 B.R. 227 (Bankr. D. Neb. 2002), are not.

Twenty-six years ago, this court noted the "uncertainty" inherent in attempting to ascertain the legislatively intended scope of exemptible personal property:

> The present version of the specific exemption was enacted in 1969 when the Unicameral undertook a major overhaul of the specific exemption and replaced an overly specific and generally archaic provision[4] with language substantially similar to

---

[3] These opinions are also available on the court's website www.neb.uscourts.gov by clicking Case Info, Nebraska Bankruptcy Opinions and performing a search by name, statute number, or key terms.

[4] The pre-1969 version of § 25-1556 exempted the family Bible; family pictures, school books and library for the use of the family; a seat or pew in any house or place of public worship; a lot in any burial ground; all necessary wearing apparel of the debtor and his family; all beds, bedsteads and bedding necessary for use of said family; all stoves and appendages put up or kept for the use of the debtor and his family, not to exceed four; all cooking utensils, and all other household furniture not herein enumerated, to be selected by the debtor, not exceeding in value one hundred dollars; one cow, three hogs, and all pigs under six months old, and if the debtor be at the time actually engaged in the business of agriculture, in addition to the above, one yoke of oxen, or a pair of horses, in lieu thereof; ten sheep, and the wool therefrom, either in the raw material or manufactured into yarn or cloth; the necessary food for the stock mentioned in this section, for the period of three months; one wagon, cart or dray, two plows and one drag; necessary gearing for the team herein exempted; and other farming implements not exceeding fifty dollars in value; the provisions for the debtor and his family necessary for six months' support, either provided or growing, or both, and fuel necessary for six months; the tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business; [and] the library and implements of any professional man.

In fact, L.B. 1076's proponent described the amendment as updating the language of the exemption provision:

> Basically what this amounts to is a rather obsolete section in the law that we are trying to bring up to date. Originally, the law listed a whole long list of individual items that would be exempt from execution in any way. We have kind of lumped them all together except personal possessions amounting to, with this amendment, $1,000, rather than listing so many cows and so many horses, and the family bible, etc.

Statement of Senator Schreurs in moving that L.B. 1076 be advanced to the Enrollment & Review
(continued...)

> the present version. Act of June 9, 1969, L.B. 1076, 1969 Neb. Laws 778 (current version at Neb. Rev. Stat. section 25–1556). A substantial body of case law interpreting its provisions has not yet developed. There are, many areas of uncertainty concerning the scope of the categories of personal property specifically exempted by the provision. Duncan, "Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978," 60 Neb. L. Rev. 219, p. 267 (1981). Most of the specific categories of exempt property were designed to enable the debtor to hold, free from the claims of his creditors, property necessary to protect him and his family from impoverishment. In re Estate of Grassman, 183 Neb. 147, 152, 158 N.W.2d 673, 676 (1968); Winter v. Winter, 95 Neb. 335, 340–41, 145 N.W. 709, 712 (1914); Frazier v. Syas, 10 Neb. 115, 118, 4 N.W. 934, 935 (1880). At least some of the specifically exempted property was intended to enable the debtor to rehabilitate himself financially. Clay Center State Bank v. McKelvie, 19 F.2d 308 (8th Cir. 1927); In re Conley, 162 F. 806 (D. Neb. 1907). Hence, there is no clear answer to whether or not the exemption applies only to necessities of life. However, the starting point with all exemptions is clear — the specific exemptions are to be liberally construed in favor of the person claiming the exemption. Duncan, "Through the Trapdoor Darkly...", supra.

In re Welborne, 63 B.R. 23, 25-26 (Bankr. D. Neb. 1986) (footnote added).

There still are no clear answers to that question, at least with respect to the application of the term "immediate personal possessions."

As the Karaus opinion discusses, the Nebraska exemption statutes have been interpreted in light of their dual purpose of "enabling the debtor to hold, free from the claims of his creditors, property necessary to protect him and his family from impoverishment" and enabling the debtor to rehabilitate himself financially. 276 B.R. at 232.

After receiving additional information from Ms. Anthony, the trustee has withdrawn her objection as to the antique dresser and chest from Ms. Anthony's grandmother, the diplomas, jewelry, military and athletic awards, family photo albums, and the mahogany roll-top desk received as a gift. Remaining are the objections to certain items of furniture made by Ms. Anthony, an Amish oak banquet table and eight chairs received as a gift, an antique camera received as a gift, exercise equipment, cash, and Iraqi money in the debtor's possession.

If Nebraska participated in the federal exemption scheme, many of these items would be

---

[4](...continued)
Committee.

exempt by the specific terms of the statute. See 11 U.S.C. § 522(d)(3) and (4),[5] and (f)(1)(B)(i) and (4).[6] However, the Nebraska statutes are not so explicit.

---

[5]Those sections state in relevant part:

(d) The following property may be exempted under subsection (b)(2) of this section:
. . .
    (3) The debtor's interest, not to exceed $400 in value in any particular item or $8,000 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
    (4) The debtor's aggregate interest, not to exceed $1,000 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

[6]Those sections state in relevant part:

    (f)(1) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
. . .
        (B) a nonpossessory, nonpurchase-money security interest in any —
            (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor[.]
. . .
    (4) (A) Subject to subparagraph (B), for purposes of paragraph (1)(B), the term "household goods" means —
        (i) clothing;
        (ii) furniture;
        (iii) appliances;
        (iv) 1 radio;
        (v) 1 television;
        (vi) 1 VCR;
        (vii) linens;
        (viii) china;
        (ix) crockery;
        (x) kitchenware;
        (xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;

(continued...)

In evaluating Ms. Anthony's claimed exemptions in the context of leaving her with sufficient resources to keep her from impoverishment and facilitate her financial rehabilitation, while keeping in mind the principle that exemption statutes are to be liberally construed, Welborne, 63 B.R. 23 at 26; Grassman v. Jensen ( In re Estate of Grassman ), 158 N.W.2d 673, 676 (Neb. 1968); Quigley v. McEvony, 59 N.W. 767, 769 (Neb. 1894), the court concludes that most of the challenged property does not fit within the "immediate personal possessions" exemption. The antique camera may be considered an immediate personal possession. Cash on hand is usually exempted under the "wild-card" exemption of § 25-1552, although it perhaps could be an immediate personal possession. The table and chairs, while a sentimental and irreplaceable gift, are more appropriately considered household furnishings. Likewise, the handmade furniture and the exercise equipment are household furnishings or household goods. It is unclear from the amended schedule whether the listed value of the Iraqi currency is its face value or its value in U.S. dollars. If Ms. Anthony has 5,600 Iraqi dinars, the value would be less than $5 U.S. and could be considered a souvenir, which falls within the immediate personal possession category. However, if she has $5,600 worth of Iraqi dinars, then she would be subject to an entirely different set of questions about her exemptions.

Although the parameters of the definition of "immediate personal possessions" in § 25-1556 are undefined and seemingly subject to an "I'll know it when I see it" sort of interpretation, they are not infinitely malleable. Common sense would suggest that the Unicameral intended each category of exemptions to stand alone; otherwise it could have simply set a dollar limit on "all personal property." Instead, by the terms of the statute, "wearing apparel" is separate from "immediate personal possessions," which is separate from items held for household use, which are separate from

---

[6](...continued)
        (xii) medical equipment and supplies;
        (xiii) furniture exclusively for the use of minor children, or elderly or disabled dependents of the debtor;
        (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependents of the debtor; and
        (xv) 1 personal computer and related equipment.
    (B) The term "household goods" does not include —
        (i) works of art (unless by or of the debtor, or any relative of the debtor);
        (ii) electronic entertainment equipment with a fair market value of more than $500 in the aggregate (except 1 television, 1 radio, and 1 VCR);
        (iii) items acquired as antiques with a fair market value of more than $500 in the aggregate;
        (iv) jewelry with a fair market value of more than $500 in the aggregate (except wedding rings); and
        (v) a computer (except as otherwise provided for in this section), motor vehicle (including a tractor or lawn tractor), boat, or a motorized recreational device, conveyance, vehicle, watercraft, or aircraft.

tools of the trade. If an item clearly falls into one of these other categories, then it likely is not an immediate personal possession. Certain items, probably those of little monetary value, do fit within the immediate personal possession category, but it is not a catch-all repository for personal property that cannot be shoehorned into any other category.

IT IS ORDERED: As explained above, the Chapter 13 trustee's objection to amended claim of exemption (Fil. No. 75) is sustained as to the Amish oak banquet table and chairs, the furniture made by Ms. Anthony, and the exercise equipment.

DATED:    April 11, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Marilyn Abbott
   Karen J. Anthony
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.