IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42232-TJM |
| | ) | |
| KAREN J. ANTHONY, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on April 11, 2012, regarding Fil. #105, Motion for Relief from Stay, filed by Cattle National Bank & Trust Co., and Fil. #114, Objection, filed by the debtor. Karen J. Anthony appeared pro se and John Guthery appeared for Cattle National Bank & Trust Co.

FINDINGS OF FACT

In 2005, Cattle National Bank & Trust Co. ("the bank") loaned the debtor $285,000 to build a house on a lot she owned in Lincoln, Nebraska. She signed the original note, an amendment to the original note which increased the loan amount to $310,000 so that the basement could be finished, and several extensions of the note when the note came due and she was unable to pay it. The original note was a short-term construction note, the purpose of which was to enable the debtor to have a house built on the lot she owned adjacent to her home and then to sell the newly constructed unit with the intention of making a profit. According to the loan officer's testimony, which is accepted as true, this loan was a commercial loan, not a consumer loan requiring consumer disclosure.

At the time she entered into the financial transaction with the bank, in addition to signing a note, she signed a deed of trust which granted the bank a lien in the real property on which the house would be constructed and a lien upon the land where her home was located.

She was unable to sell the newly constructed home and therefore was unable to pay off the note or the extensions. At some point in time prior to filing this bankruptcy case in August of 2011, Ms. Anthony sold the home she was living in and moved to the newly constructed home. The bank released its lien on the home which she sold, but retained the lien on the newly constructed home.

The last extension of the note expired in January of 2011. Ms. Anthony made a February payment as she had for several years prior to that date. However, she has made no payments since February of 2011.

The bank declared a default and began non-judicial foreclosure proceedings. In response, Ms. Anthony filed a lawsuit in the United States District Court for the District of Nebraska, claiming the bank acted fraudulently when the loan was entered into and requesting injunctive relief against the bank and a determination that the original note and all its extensions and amendments were null and void. In addition, she requested that the bank be ordered to repay to her all of the money that she had paid to the bank since the inception of the loan.

The court found that it had no jurisdiction and dismissed the case. She then filed this

Chapter 13 case. She also appealed the dismissal to the United States Court of Appeals for the Eighth Circuit. No decision has been rendered by that court.

After filing the bankruptcy case, Ms. Anthony filed an adversary proceeding in the bankruptcy court which is basically a duplication of the lawsuit in the district court. The bankruptcy court stayed any further action on the adversary proceeding pending the decision of the circuit court.

The bank filed this motion for relief from the automatic stay based upon its position that the bankruptcy case was filed in bad faith. Ms. Anthony filed a resistance urging the court to find that the bank, under federal banking law 12 U.S.C. § 24, has no authority to lend depositors' money.

A trial was held at which the court ruled that all of the documents admitted on affidavit evidence or otherwise at a preliminary hearing were admitted for the purposes of the trial. Two bank officers then testified and were cross-examined by Ms. Anthony.

From the testimony of the bank officers, it is clear that Ms. Anthony signed the note and she or her agent or material or labor suppliers received the money represented by the note. The bank has not sold the note and is the holder of it. In addition, the bank has in its possession the original of the deed of trust, which has not been transferred to any other party and has not been released with regard to the home which is the subject matter of this motion.

The debtor suggests in her resistance and in her arguments at trial, as well as in the complaint in the adversary proceeding, that the bank has violated the federal banking laws by loaning deposited funds and, as a result, the note that she signed and the security interest she gave in her real estate should be declared null and void and she should be relieved from honoring her obligation to pay the loan. At trial, she presented no evidence that the bank acted fraudulently at any time during the business relationship.

CONCLUSIONS OF LAW AND DISCUSSION

The validity of the acts of a national bank or its officers can only be questioned by the federal government in direct proceedings, and not by private parties. Thompson v. St. Nicholas Nat'l Bank, 146 U.S. 240, 251 (1892); Schneider v. Thompson, 58 F.2d 94, 99 (8th Cir. 1932); Wallace Bank & Trust Co. v. First Nat'l Bank, 237 P. 284 (Idaho 1925). The case law is discussed generally in 7A Michie on Banks & Banking National Banks § 170 (1999). Therefore, Ms. Anthony lacks standing to raise the issue of the legality of the bank making the loan.

With regard to the debtor's position that the bank is prohibited from loaning its assets, a leading treatise on banking law explains otherwise:

> A general deposit in a national bank constitutes a loan to it and confers on the depositor a mere chose in action. The relationship between a depositor and a national bank in which he has a checking account is one of creditor and debtor. The sums on deposit are payable by the bank on order of the depositor and on demand. The doctrine of the law of banks that money deposited in a bank without special arrangement becomes the property of the bank, and properly available for

use in its business, the depositor becoming a creditor of the bank to the amount of the deposit, was well settled when national banks were created and authorized to receive deposits, and the application of the general doctrine to the business of national banks was authoritatively recognized early in their history.

7 Michie on Banks & Banking National Banks § 178 at 393 (1999).

The corporate powers of national bank are listed in 12 U.S.C. § 24. The third power listed is "to make contracts," which is what the loan from the bank to Anthony is. That section does not prohibit a bank from lending its assets, *i.e.*, money received from depositors.

Even if it was a fact that the bank was not authorized to make the loan, as Ms. Anthony insists, she has no right to resist a demand by the bank for payment on the ground that the bank had no authority to make the loan. Union Gold Mining Co. of Colo. v. Rocky Mountain Nat'l Bank, 96 U.S. 640 (1877); see also Schuyler State Bank v. Cech, 423 N.W.2d 464, 467 (Neb. 1988) (citing state law for the proposition that a violation of the banking statute does not nullify a bank loan made in such violation).

The Bankruptcy Code, at 11 U.S.C. § 362(d)(1), provides that relief from the automatic stay may be granted for cause, which may include filing in bad faith.

Factors to be considered when determining whether the debtor has filed the bankruptcy case in bad faith, thereby supporting an order for relief from the stay, include the following:

1. The debtor has one asset;

2. The pre-petition conduct of the debtor has been improper;

3. There are only a few unsecured creditors;

4. The debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

5. The debtor and one creditor have proceeded to a standstill in state court litigation and the debtor has lost or has been required to post a bond which he cannot afford;

6. The filing of the petition effectively allows the debtor to evade court orders;

7. The debtor has no ongoing business or employees; and

8. The lack of possibility of reorganization.

Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship), 30 F.3d 734, 738 (6th Cir. 1994). See also In re Wald, 211 B.R. 359, 362 (Bankr. D.N.D. 1997) (citing the Laguna Assocs. factors). Lack of good faith may constitute "cause" under § 362(d)(1) and may be shown by the review of the plan on file. Wald at 363. This case is brought within the Laguna Assocs. and Wald situations by the following facts:

1. This is a one-asset case, the house. Basically all of the other assets, including individual retirement accounts, have been claimed as exempt.

2. The debtor filed a pre-petition lawsuit based upon an erroneous view of federal banking law in an attempt to stop the sale of the house and trying to avoid paying the debt that she contracted for. Ms. Anthony made interest-only and then principal and interest payments on the loan for almost five years. She has lived in the house which was built with the proceeds of the loan. During that five-year period, she never complained about any source of funds from the bank. She filed an appeal of the dismissal of the district court action and filed her bankruptcy on the day of the scheduled sale of the house. She has failed to pay the other creditors that have liens on the real estate.

3. There is only one, or, at most, two unsecured creditors in this case.

4. The property was scheduled for foreclosure sale when the debtor was unsuccessful in stopping the scheduled sale by the federal district court lawsuit.

5. The debtor and creditor have proceeded to a standstill.

6. Filing of the bankruptcy effectively trumped the effect of the debtor losing her federal court lawsuit in which she had requested an injunction to stop the sale.

7. There is no ongoing business or employees.

8. The debtor has insufficient income to propose a viable plan in a reasonable time. Her schedules and Rule 2004 exam testimony show that she has very little income, not even enough to require her to file federal income tax returns for the last two years.

The debtor's ability to restructure under a Chapter 13 plan is seriously in question. She does not have earnings sufficient to support herself. The expenses listed in her schedules, which show her as losing approximately $500 a month when comparing income to monthly expenses, do not include any payments on the house or the real estate taxes.

The lack of financial ability to provide for a confirmable plan is relevant in evaluating good faith. Wald at 363. Although no individual act by the debtor may entitle the bank to relief from the automatic stay, the lack of good faith is to be determined by the totality of the circumstances. Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346, 1348 (8th Cir. 1990). The debtor has lived in her house for more than a year without making any payments to the bank or the county treasurer for real estate taxes for 2010 or 2011. She also has not paid her homeowners associate dues for several years.

In her Rule 2004 exam, she could not explain where she obtained the numbers used in her plan with regard to payments of obligations to the secured creditors. She testified she did not know the value of her house. When counsel for the bank inquired about her understanding of financial transactions, including what money or cash is, she responded that she did not know, and she did not know if she had made payments on the loan over the years.

The evidence of her pre-petition litigation with the bank, her post-petition litigation with the

bank, which includes filing a plan for which she testified she has no information about the source of the numbers placed in the plan, as well as her expression during the Rule 2004 exam of her total ignorance of the meaning of words related to the debt, payment of the debt, money, cash or checks, all support a finding of bad faith. Such a finding supports granting relief from the automatic stay for cause.

DECISION

IT IS ORDERED that the Motion for Relief from Stay, Fil. #105, is granted to the bank pursuant to 11 U.S.C. § 362(d)(1).

DATED:     May 4, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   Karen J. Anthony
   *John Guthery
   Kathleen Laughlin
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.