IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42232-TJM |
| | ) | |
| KAREN J. ANTHONY, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Trial was held in Lincoln, Nebraska, on April 18, 2012, regarding Fil. #77, Amended Objection to Claim of Edenton North Home Owner's Association, filed by Karen J. Anthony, and Fil. #83, Objection To Debtor's Amended Objection to Claim of Edenton North Home Owner's Association, filed by Edenton North Home Owner's Association. Karen J. Anthony appeared pro se and Todd Mulliner appeared for Edenton North Home Owner's Association.

The debtor has objected to the proof of claim filed by Edenton North Home Owner's Association in the amount of $1,295.38. Ms. Anthony claims that since the proof of claim did not provide a copy of any contract, let alone a signed contract, an agreement, or any document with her signature, she cannot be liable under the Nebraska Uniform Commercial Code. She further asserts that because there is no proof that the restrictive covenants attached to the proof of claim were ever disclosed to her, she cannot be bound by them.

Ms. Anthony asserts that the proof of claim did not provide proof that she was noticed either before or after the association alleged it filed a "Notice of Lien" for $288.28 on her property. Therefore, according to the debtor, there is no such lien.

Two officers of the home owner's association testified concerning their practices. The court finds as a fact that the developer of the real estate development in which Ms. Anthony resides recorded the declaration of restrictive covenants with the Lancaster County Register of Deeds on September 18, 2000. Ms. Anthony's warranty deed was recorded on March 27, 2001. The Nebraska recording statute, Neb. Rev. Stat. § 76-238, provides that all deeds, mortgages, and other instruments of writing that should or may be recorded "shall take effect and be in force from and after the time of delivering such instruments to the Register of Deeds for recording . . . as to all creditors and subsequent purchasers in good faith without notice." Since the restrictive covenants were recorded on September 18, 2000, and her warranty deed was recorded on March 27, 2001, under the statute she is deemed to have had notice of the covenants.

Nebraska case law is clear that covenants to pay dues run with the land and constitute a lien on the land. How v. Baker, 388 N.W.2d 462 (Neb. 1986); How v. Mars, 513 N.W.2d 511 (Neb. 1994).

The home owner's association in this case, at an annual meeting of the members of the association, which includes every owner of an improved parcel of real estate in the subdivision, determined the assessments for each year and gave notice to the property owners. The association filed a notice of lien on December 17, 2008, in the amount of $288.28 against property titled in the name of Ms. Anthony and gave notice to her. Therefore, at that time, the home owner's association had a lien in the amount of $288.28. Since that time, Ms. Anthony has not paid her home owner's association dues for the years 2009, 2010, 2011 or 2012. Attached to the

proof of claim is a copy of the notice of lien filed in 2008, and a list of dues plus accrued interest from September 1, 2008, the first day interest would accrue on a delinquent payment, through August 22, 2011, for the 2009 and 2010 dues. The 2011/2012 dues payable in August of 2012 to avoid delinquency in the amount of $260.00 are also listed. In addition to the dues and interest, a filing fee for the lien filed December 17, 2008, in the amount of $5.50 is listed. Additional interest has accrued since August 22, 2011, on all of the delinquent payments.

Neb. Rev. Stat. § 52-2001 contains a statement that "[a] lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessments become due." It appears that if Ms. Anthony had not filed bankruptcy in August of 2011, and no proceedings to enforce the lien had been instituted by the end of August 2011, the initial lien would be extinguished. However, Ms. Anthony filed this bankruptcy case in August of 2011, prior to the expiration of three years from the first date the 2008 dues became delinquent. The automatic stay of 11 U.S.C. § 362 prohibits the home owner's association from taking any action to enforce the lien without first obtaining relief from the automatic stay, which it has not done. The association is granted an extension of time to commence an enforcement action by 11 U.S.C. § 108(c). Therefore, it appears that the 2008 lien in principal and interest is still a lien effective against the property.

The homeowners' association lien statute provides that a "homeowners' association has a lien on a member's real estate for any assessment levied against real estate. . . from the time the assessment . . . becomes due and a notice containing the dollar amount of such lien is recorded in the office where mortgages or deeds of trust are recorded." Neb. Rev. Stat. § 52-2001(1). Therefore, although there are valid restrictive covenants authorizing the home owner's association to be set up and to assess annual dues, because the statute provides that delinquent annual dues may become a lien by the filing of a notice of lien identifying the property and the owner and the amount and no such notice was recorded except for 2008 dues, the assessments for the years after 2008 are not a lien on Ms. Anthony's property.

IT IS ORDERED that Ms. Anthony's amended objection, Fil. #77, is sustained in part and denied in part. The original notice of lien in the amount of $288.28 plus interest accruing from December 17, 2008, until August 22, 2011, the day before the petition was filed, is a lien against the real estate. Additional interest has accrued since that date. The balance of the claim is not secured by the real estate, but is allowed as an unsecured claim.

DATED:      May 4, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Karen J. Anthony    Todd Mulliner
  Kathleen Laughlin    U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.