IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42232-TJM |
| | ) | |
| KAREN J. ANTHONY, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

This matter is before the court on Fil. #173, Objection to the Cattle National Bank & Trust Co.'s Proof of Claim, filed by the debtor, and Fil. #199, Resistance to Debtor's Objection to Claim, filed by Cattle National Bank & Trust Co. Karen J. Anthony represents herself in this matter and John Guthery represents Cattle National Bank & Trust Co.

The debtor has filed an objection to the claim of Cattle National Bank & Trust Co. She asserts that a note she gave to the bank in 2005 and the deed of trust securing such note are invalid for numerous reasons. First, she claims that the bank has not properly redacted certain account numbers from the face of the documents and that is in violation of the rules upon which this court operates.

Next, she claims that the bank cannot prove that it loaned her any money. She asserts that neither the original promissory note, a copy of which has been admitted into evidence at Fil. #54 with regard to a motion for relief from the automatic stay filed by the bank, nor the deed of trust or any of the amendments or extensions of the note contain her signature.

She then asserts that the bank changed the terms of the note from being payable on a specific date approximately a year after she signed the document, with semi-annual payments of accrued interest being required, to a note requiring monthly payments. She believes such a change violated her rights.

Additionally, she asserts that the bank has no authority to make a loan to her from its assets. Since it did so, according to her, in violation of federal banking laws, the note and the deed of trust are null and void.

Finally, she claims that as a consumer borrower, she had a right to certain notices that the bank failed to provide.

Contemporaneously with the filing of this order, an order is being filed concerning the motion for relief from the automatic stay filed by the bank and the findings of fact and conclusions of law in that order are incorporated in this order by reference, as if they were once again printed here. That order makes factual findings that the bank's note and deed of trust are valid and binding; that the original note was not a consumer loan, but its purpose was, as stated on the face of the document, to enable Ms. Anthony to build a spec home. When questioned about this at the trial on the motion for relief from stay, the bank loan officer testified that is what Ms. Anthony told him the purpose of the loan was. She wanted to build a house on a lot she owned and sell it, hopefully to make a profit. That is a commercial loan, not a consumer loan. The disclosures she claims were not provided to her are not required by law.

The order on the motion for relief from stay also discusses her legal theory. Suffice it to say, although she has cited numerous cases which she believes support of her position that the bank has violated the federal banking laws, she has simply misconstrued the holding of those cases and seems to believe that, for some reason, a national bank is not allowed to make loans. She is incorrect. In the order concerning the motion for relief from the automatic stay, her lack of standing to raise issues such as the bank's purported violation of federal law and the ultimate issue of whether or not, even if there is a violation of federal banking law, she has a right to have the note and deed of trust declared null and void and be released from any payment obligations, are discussed. For purposes of this order, it is sufficient to say that she has no standing to raise the issues and there is no authority under the statute or Supreme Court case law that would nullify her contractual obligation to pay, even if the bank was in violation of the national banking laws.

IT IS ORDERED that the debtor's objection to the proof of claim of Cattle National Bank & Trust Co., Fil. #173, is denied.

DATED:    May 4, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Karen J. Anthony
  John Guthery
  Kathleen Laughlin
  U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.